**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 14-cv-02007-MSK

In re: **FORESIGHT APPLICATIONS & SYSTEMS TECHNOLOGIES, LLC,**

      Debtor.

**FORESIGHT APPLICATIONS & SYSTEMS TECHNOLOGIES, LLC,**

      **Plaintiff,**

v.

**NHM INTEREST, LLC,**

      **Defendant.**

---

**OPINION AND ORDER GRANTING, IN PART, AND RESERVING, IN PART,
the DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, TO WITHDRAW THE REFERENCE**

---

**THIS MATTER** comes before the Court on the Defendant NHM Interest, LLC's Motion to Dismiss Proceeding with Prejudice or, In the Alternative, To Withdraw the Reference **(#2)**.[1] The Plaintiff/Debtor Foresight Applications & Systems Technologies, LCC filed a Response **(#6)** to the motion, and the Debtor replied **(#13)**.

The Debtor initiated this adversary proceeding in the United States Bankruptcy Court for the District of Colorado, seeking to avoid and recover a pre-petition transfer to the Defendant in the amount of $562,500. The Debtor asserts two alternative claims to recover the payment. It either seeks to recover the sums paid under 11 U.S.C. § 547(b) as a preferential payment, or under 11 U.S.C. § 548 as a fraudulent transfer.

---

[1] The Defendant makes two motions in a single pleading. Because the case is still currently before the Bankruptcy Court, the Court addresses only the motion to withdraw. Pursuant to the reasoning that follows, the Bankruptcy Court shall address the motion to dismiss.

Although the District Court has original and exclusive jurisdiction in bankruptcy matters, this matter was automatically referred to the Bankruptcy Court pursuant to 28 U.S.C. § 157 and D.C.COLO.LCivR 84.1.  Now, pursuant to 28 U.S.C. § 157(d), the Defendant requests that the automatic reference be withdrawn because it has a Seventh Amendment right to a jury trial on the fraudulent transfer claim which cannot be fulfilled in the Bankruptcy Court.

Section 157(d) provides that the Court may withdraw its reference of a case or proceeding, in whole or in part, on motion by a party "for cause shown."[2]  It is undisputed that the Defendant has a right to a jury trial [3] on the claims asserted in this action.  *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 64 (1989);  *Langenkamp v. Culp*, 498 U.S. 42, 44-45 (1990).  There is no evidence of record indicating that the Defendant has waived its right to a jury trial.  Because the Bankruptcy Court in this district is not authorized to conduct jury trials, preservation of such right requires withdrawal of an adversary proceeding to the district court. *See In re Kaiser Steel Corp.*, 911 F.2d 380, 392 (10th Cir. 1990) ("Where the seventh

---

[2] Although the Debtor frequently states that the reference must be "mandatorily" withdrawn, the substance of its argument is that cause exists to warrant permissive withdrawal.  Withdrawal is mandatory under § 157(d) where resolution of the proceeding requires consideration of both Title 11 and other non-bankruptcy statues.  That is not the case here.

The Defendant also argues that the reference must be immediately withdrawn because the claims are non-core pursuant to *Stern v. Marshall*, 131 S.Ct. 2594 (2011), and the Bankruptcy Court does not have authority to finally adjudicate them.  However, that issue is not determinative of the issue presented here.  The Debtor may raise the "core proceeding" issue in the first instance in the Bankruptcy Court.  *See* 28 U.S.C. § 157(b)(3).  If the Bankruptcy Court determines that the claims are either non-core or *Stern* claims, it may proceed under § 157(c) to issue proposed findings of fact and conclusions of law subject to *de novo* review by this Court.  *See* 28 U.S.C. § 157(c); *Executive Benefits Ins. Agency v. Arkison*, 134 S.Ct. 2165, 2173 (2014).

[3] The Debtor points out that the Defendant has not formally requested a jury trial, but it does not argue that the Defendant cannot do so.  The Defendant states its intent to request a jury trial, and the Defendant has not filed a claim against the estate in the bankruptcy case.

amendment requires a jury trial to be held in bankruptcy, that trial must take place in the district court, sitting in its original jurisdiction in bankruptcy."). [4]   Thus, the Court finds that cause to withdraw the automatic reference has been shown.

The Debtor argues that the interests of judicial economy dictate that any withdrawal of the reference should be delayed.  Indeed, the Court notes that some courts have permitted a reference to stand during the pendency of pretrial proceedings.  *See, e.g., In re Kirk E. Douglas, Inc.*, 170 B.R. 169, 170 (D.Colo. 1994); *Centrix v. Nat'l Union Fire Ins. Co.*, 2011 WL 63505 (D.Colo. Jan. 7, 2011); *Centrix v. Sutton*, 2009 WL 1605826 (D.Colo. June 8, 2009).  The Court agrees that the Bankruptcy Court, with its knowledge of Title 11 and familiarity with this case, should oversee the pretrial proceedings of the matter until it is ready for trial.  This can be accomplished be either delaying the withdrawal of reference or by withdrawing the adversary proceeding, in part.

The Court elects the latter approach, withdrawing the adversary proceeding only for purposes of a jury trial.  In this way, the Bankruptcy Court will otherwise retain its authority to supervise and resolve of all pretrial matters, including dispositive motions. [5]   *See In re M & L Business Mac. Co., Inc.*, 159 B.R. 932, 934 (D.Colo. 1993) (defendant's right to jury trial not disturbed by allowing bankruptcy judge to oversee pre-trial supervision of case); *In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007) (resolution of dispositive motions by bankruptcy court does not diminish a party's right to a jury trial, as these motions merely address whether a trial is necessary at all).

---

[4] 28 U.S.C. § 157(e) ostensibly permits a jury trial to be conducted by the bankruptcy judge, but it requires both consent by the parties and designation by the district court.  Here, there is neither consent, nor designation.

[5] The Bankruptcy Court retains jurisdiction to resolve the currently pending motion to dismiss that was filed in the same pleading as this motion to withdraw.

A Final Pretrial Conference will be scheduled before this Court once dispositive motions have been determined or upon the request of the parties if no dispositive motions are filed. Counsel are instructed to *jointly* contact chambers within 10 days after the determination of all dispositive motions, or the passing of any dispositive motions deadline without the filing of a dispositive motion, in order to set the Final Pretrial Conference.  Counsel shall meet and confer sufficiently in advance of the Final Pretrial Conference to *jointly* prepare a Proposed Final Pretrial Order, in accordance with the format and procedures as set forth in the forthcoming Trial Preparation Order.

For the forgoing reasons, the Motion to Dismiss or, In the Alternative, to Withdraw the Reference, is **GRANTED, IN PART, AND RESERVED, IN PART**.  The automatic reference of this proceeding to the Bankruptcy Court is **WITHDRAWN only for purpose of conducting a jury trial.**  The Bankruptcy Court shall retain jurisdiction over the adversary proceeding for supervision and resolution of all pretrial matters.

Dated this 22nd day of  April, 2015.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge