IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 14-cv-02007-MSK

In re: FORESIGHT APPLICATIONS & SYSTEMS TECHNOLOGIES, LLC,

      Debtor.

FORESIGHT APPLICATIONS & SYSTEMS TECHNOLOGIES, LLC,

      Plaintiff,

v.

NHM INTEREST, LLC,

      Defendant.

## TRIAL PREPARATION ORDER

This Order sets deadlines and imposes requirements for trial.

### A.  Applicable Standards and Rules

All counsel should be familiar with the Practice Standards

http://www.cod.uscourts.gov/Portals/0/Documents/Judges/MSK/2014%20Uniform%20Practice

%20Standards_MSK.pdf and Local Rules of Practice for the United States District Court for the

District of Colorado http://www.cod.uscourts.gov/Portals/0/Documents/LocalRules/2014-

FINAL-Local-Rules.pdf as well as the Federal Rules of Civil Procedure and Evidence.

### B.  Proposed Final Pretrial Order

Counsel shall meet and confer sufficiently in advance of the Final Pretrial Conference to

jointly prepare a Proposed Final Pretrial Order.  It shall be filed with proposed jury instructions,

and proposed voir dire questions at least **7 days before the Final Pretrial Conference**.

The Proposed Final Pretrial Order should reflect the narrowing of issues to be actually

tried, the witnesses that will be called and the exhibits that will be presented.  The format for the

Proposed Final Pretrial Order differs from that specified in the Local Rules.  The content of the

following sections is changed as set forth below:

**Section 3: Claims and Defenses** – Parties are discouraged from submitting a narrative

summary of the claims, defenses, facts, and legal theories.  If a narrative summary is submitted,

it should not exceed one page, and shall be in addition to the following:

Separately enumerate each claim and affirmative defense (a defense on which the

Defendant bears the burden of proof) that will be tried. **An example is attached to this Order.**

For each claim and affirmative defense designate:

    1)  the standard of proof;

    2)  if the claim is governed by state law, the state whose law controls the claim; and

    3)  each element that must be proved.  For each element, identify facts that establish the

    element.  For each fact, indicate either that it is stipulated or, identify the witness whose

    testimony or the exhibit, the contents of which, will establish such fact.  Any claims or

    affirmative defenses not specifically identified may be deemed waived.

**Section 4:  Stipulations** – It is neither necessary nor appropriate to present evidence of

facts which are not in dispute.  To save time and expense for the parties and fact finder(s), and to

focus the trial, the parties shall stipulate to all material facts that are not in dispute.[1]  Stipulated

facts will be included in a jury instruction given to the jury prior to opening statements.

**Section 5:  Pending motions** – Identify all motions either filed or which will be filed

---

[1] Please be cognizant of the difference between disputing the existence of a fact and disputing the significance of that fact.  For example, a stipulation to the existence of fact (*e.g.* that the sun set at 7:00 p.m. on the day in question) does not prevent the party from arguing as to the significance of that fact (*e.g.* that there was or was not adequate daylight at 7:00 p.m.).  FED.R.CIV.P. 11(b)(4) provides guidance as to when a matter is in dispute.

prior to trial, including the specific relief that will be requested.

**Section 6:  Witnesses** – Parties should attach a **single, joint list** of all witnesses on the form found at http://www.cod.uscourts.gov/Portals/0/Documents/Judges/MSK/msk_witness.pdf. Designate the **total time** needed for the testimony of each witness (or the time necessary to present deposition testimony).

The estimated duration of testimony in the Witness List is used **solely** to ensure that the time set aside for trial is sufficient to receive the testimony of all expected witnesses.  The time calculation is **not** a limitation on the amount of time that a witness may be examined at trial; parties may allocate their allotted trial time as they see fit.

**Section 7:  Exhibits** – Exhibits should be listed on a **single, joint exhibit** list using the form available at http://www.cod.uscourts.gov/Portals/0/Documents/Judges/MSK/msk_exhibit.pdf.  Exhibits should be numbered without designation as Plaintiff's or Defendant's exhibits.  Parties may use the exhibit numbers that were used in pretrial discovery so long as they conform with the Practice Standards http://www.cod.uscourts.gov/Portals/0/Documents/Judges/MSK/2014%20Uniform%20Practice%20Standards_MSK.pdf.  All objections are reserved for trial.

### C.  Final Pretrial Conference

The Court will schedule the Final Pretrial Conference once all dispositive motions are determined, or upon the request of the parties if no dispositive motions are filed.  Counsel shall *jointly* **contact chambers within 10 days after the determination of all dispositive motions**, or the passing of any dispositive motions deadline if no motions are filed, to set the Final Pretrial Conference.  **Trial counsel and the parties <u>must</u> appear.**  If a party is an organization, the

client representative who will appear at trial on behalf of that organization shall be present.

At the Final Pretrial Conference, the Court will review the Proposed Final Pre-trial Order with counsel to determine what issues will ultimately be tried, what facts can be stipulated to, what factual disputes require evidence, the time necessary for trial and other trial related issues. If the case has not been sufficiently narrowed, an amended final pretrial order may be required.

Once the matter is ready for trial, the trial will be set no sooner than 30 days after the Final Pretrial Conference, but as soon as the Court's calendar allows.  The trial setting will be firm, subject only to the need for a criminal trial in compliance with the Speedy Trial Act.

Trials usually run 4-5 days per week, depending on the length of the trial.  All trials begin on Monday morning at 8:30 a.m.  Expect approximately six hours trial time per trial day.  The trial will be set for a specified number of days.  The time (exclusive of *voir dire*, charging conferences, and initial and final charging of the jury) will be divided equally between Plaintiff(s) and Defendant(s).  At counsels' discretion, such time can be used for opening statements, closing arguments, presentation of evidence, objections and motions.  Absent objections made at the Final Pre-Trial Conference, a chess clock will be used to divide trial time equally between Plaintiff(s) and Defendant(s).   Parties may reallocate trial time among themselves but the total trial time will not be increased except upon showing of extraordinary, unanticipated circumstances.

Any problems in the trial setting or special needs for witnesses should be addressed at the Final Pretrial Conference. The unavailability of designated witnesses, including "may call" and "will call" witnesses, will not constitute a basis for delay in or continuance of the trial.  A party shall secure the presence of any witness it intends to call.  Counsel should always have a sufficient number of witnesses available to testify such that recesses or early adjournments of the

trial day will not be necessary. If witnesses are not available, lost time may be counted against the party whose case is being presented.

At the time fixed for trial, all parties shall be present and ready to proceed.  If any party is absent or unprepared to proceed, judgment may be entered forthwith in favor of the opposing party or the time of unavailability credited against the party's share of the trial time.  If both parties are absent or unprepared, the case may be dismissed, and costs, fees, or sanctions may be imposed against either or both parties and/or their counsel.

### D.  Modification of Order

This Order **may not be modified by agreement of the parties**.  However, upon timely, written application, any party may seek modification as may be necessary to meet a *bona fide* emergency, to avoid irreparable injury or harm, or as may otherwise be necessary to do substantial justice.  Extensions of time and continuances will <u>not</u> normally be granted for "press of other business" or for circumstances that could reasonably have been anticipated.

**Failure to comply with the provisions of this Order or the applicable procedural rules may result in imposition of sanctions including, but not limited to, vacation of the trial, barring the presentation of evidence, dismissal of claims or defenses, entry of default or awards of fees and costs in accordance with FED.R.CIV.P. 16 and 37.**

Dated this 22nd day of April, 2015.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge

5

Attachment to Trial Preparation Order

**Example**:

*Claim 1:  Breach of contract under Colorado law*
        Plaintiff has burden of proof by a preponderance of the evidence

**Elements:**        **(1)-(3) offer, acceptance, consideration**
                        (a) the parties stipulate that these elements are satisfied
                **(4) performance by the plaintiff**
                        (a) On March 3, 2004, Peter Plaintiff delivered one crate of
                        widgets to Widget Packers, Inc.  (Testimony of Peter Plaintiff; Don
                        Defendant; Exhibits 1, 4)
                        (b) The widgets conformed to the specifications in the contract.
                        (Testimony of Peter Plaintiff; Exhibit 2)
                        (c) The widgets were delivered on the date set by the contract.
                        (Exhibit 2)
                **(5) non-performance by the defendant**
                        (a) Widget Packers, Inc. failed to remit payment on the terms set
                        by the contract. (Testimony of Barry Bookkeeper; Exhibit 2)
                        (b) Peter Plaintiff has made several written demands for payment.
                        (Peter Plaintiff; Exhibits 3, 5, 7)
                **(6) damages**
                                (a) Peter Plaintiff has been damaged in the contract amount
                                of $10,000.  (Testimony of Peter Plaintiff; Exhibit 2).

*Claim 2:  Unjust Enrichment under Colorado law*
        Plaintiff has burden of proof on all elements by a preponderance of the evidence

**Elements:**        **(1) Defendant has received a benefit**
                        (a) On March 3, 2004, Peter Plaintiff delivered one crate of
                        widgets to Widget Packers, Inc. pursuant to a contractual
                        agreement.  (Testimony of Peter Plaintiff; Don Defendant; Exhibits
                        1, 2, 4).
                **(2) the benefit is at the Plaintiff's expense**
                        (a) Widget Packers, Inc. failed to remit payment on the terms set
                        by the contract.  (Testimony of Barry Bookkeeper, Exhibit 2)
                **(3) justice requires that Defendant reimburse the Plaintiff for the
                benefit received**
                        (a)  The widgets have a market value of $15,000.  (Testimony of
                        Peter Plaintiff)
                        (b)  Don Defendant is in breach of the contract.  (Testimony of
                        Peter Plaintiff)

6

*Affirmative Defense to Claim 2:  Failure to mitigate under Colorado law*
Defendant has burden of proof on all elements by a preponderance of the evidence

**Elements:** **(1) Plaintiff had a reasonable opportunity to avoid injury**
(a) On March 5, 2004, Don Defendant left a message on Peter Plaintiff's voice mail offering to return the crate of widgets unopened.  (Testimony of Don Defendant; Peter Plaintiff)
(b) On March 8, 2004, Don Defendant wrote to Peter Plaintiff, offering to assign the contract for the purchase of widgets to WidgetCo.  (Don Defendant; Warren Widget; Exhibit 6)
**(2) Plaintiff unreasonably failed to avail itself of opportunities to avoid injury**
(a) Peter Plaintiff did not respond to the March 5, 2004 message.  (Don Defendant)
(b) Peter Plaintiff did not respond to the March 8, 2004 letter.  (Don Defendant)